No. 43,950

STATE OF KANSAS, *Appellee,* v. VERNON GEE, *Appellant.*

(399 P. 2d 880)

Opinion filed March 6, 1965.

*Harry Hayward,* of Kansas City, argued the cause, and was on the brief for the appellant.

*James P. Davis,* assistant county attorney, and *Robert J. Foster,* of Kansas City, argued the cause, and *Robert C. Londerholm,* attorney general, *Robert Hoffman,* assistant attorney general, and *Leo J. Moroney,* county attorney, were with them on the brief for the appellee.

The opinion of the court was delivered by

ROBB, J.: This appeal by defendant arises out of a prosecution for murder in the first degree under K. S. A. 21-401 wherein the jury returned the following verdict:

"We, the Jury, find the defendant, Vernon Gee, guilty of murder in the first degree, as charged in the Information, and further find that the defendant, Vernon Gee, should be punished by being put to death, as provided by law."

Defendant's appeal is from the trial court's approval, acceptance and adoption of such verdict, from the judgment and sentence that: ". . . the defendant Vernon Gee be hung by the Warden of the State Pentientiary at Lansing, Kansas until he is dead on the 16th day of April, 1964 . . .," and from the order and judgment of the trial court overruling defendant's motion for new trial.

Briefly, the pertinent facts are that prior to 6:00 a. m. on August 5, 1963, a call was received at police headquarters in Kansas City, Kansas, that a man was discharging a firearm in the northeast section of Kansas City. Immediately thereafter Harrison Vernon Hedrick, a police officer, and a companion in one police car, along with other police officers in other police cars were dispatched to the

northeast section of the city to search for such a man. Hedrick and his companion and the other police cars converged upon the intersection of Third Street and Troup Avenue where two men appeared to be engaged in a conversation. When the police car in which Hedrick was riding stopped near the two men, one of them, without a word, or a warning act, came out to the curb, discharged his gun into the police car, striking and killing Hedrick.

We are immediately confronted with defendant's contention the trial court erred in its instruction No. 24-A with regard to the burden of proof which reads:

"You are instructed in regard to voluntary intoxication, that it is incumbent upon the defendant in this case to prove to the satisfaction of the jury *beyond a reasonable doubt* that such intoxication was voluntary and it existed at the time and the place of the crime as charged in the Information; and the burden of proving these facts is on the defendant.

"Evidence in this regard may be taken into consideration as coming from either the witnesses for the State or the defendant." (Italics supplied.)

The record discloses that the trial court, solely upon its own determination, saw fit to give the above-quoted instruction No. 24-A notwithstanding the fact that neither the state nor defense counsel requested the instruction, and that both sides objected thereto.

We are of the opinion the instruction is fatally defective to the verdict of the jury for the reason it does not state the law of Kansas as that law appears in K. S. A. 62-1439, and the cases cited thereunder. The statute reads:

"A defendant is presumed to be innocent until the contrary is proved. When there is a reasonable doubt whether his guilt is satisfactorily shown, he must be acquitted. When there is a reasonable doubt in which of two or more degrees of an offense he is guilty, he may be convicted of the lowest degree only."

We are fully cognizant of the circumstances surrounding this prosecution for a capital offense, but upon appellate review we simply cannot allow a verdict of guilty, which was returned following such an erroneous statement of the law, to stand. We are, therefore, compelled to hold the judgment of the trial court must be reversed with directions to grant defendant a new trial.

Reversed with directions.

FATZER and FONTRON, JJ., concur in the result.