Commonwealth *v.* Rose, Appellant.

Argued November 21, 1972. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

reargument refused July 31, 1974.

J. C. *Marston,* with him *James M. McNamara,* Assistant Public Defenders, for appellant.

*Stephen B. Harris,* First Assistant District Attorney, with him *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, July 1, 1974:

The appellant, Amos Paul Rose, was convicted by a jury in Bucks County of murder in the first degree of one Gary Moore on November 26, 1970. On this direct appeal from the judgment of sentence of life imprisonment, appellant's sole contention is that the trial court erred in that portion of its charge which placed on the defendant the burden of proving intoxication by a preponderance of the evidence. We agree with this position, and therefore will reverse the judgment of sentence and remand for a new trial.

At trial, the Commonwealth sought a first degree murder conviction, contending that the element of specific intent was supplied by the inference to be drawn from the intentional use of a deadly weapon on a vital part of another human being. *Commonwealth v. Agie,* 449 Pa. 187, 296 A.2d 741 (1972); *Commonwealth v. Hornberger,* 441 Pa. 57, 61, 270 A.2d 195, 197 (1970). Appellant did not deny having shot the deceased following an altercation, but sought to avoid a first degree conviction by showing that he was so intoxicated at the time of the shooting as to prevent his forming the specific intent to take life. *Commonwealth v. Duncan,* 437 Pa. 319, 263 A.2d 345 (1970); *Commonwealth v. Barnosky,* 436 Pa. 59, 258 A.2d 512 (1969); *Commonwealth v.*

*Walters,* 431 Pa. 74, 244 A.2d 757 (1968); *Commonwealth v. Jones,* 355 Pa. 522, 50 A.2d 317 (1947); *Commonwealth v. Kline,* 341 Pa. 238, 19 A.2d 59 (1941). To that end evidence was introduced that on the day in question (Thanksgiving Day, 1970), appellant began drinking early in the morning and by the time of the fatal incident was indeed intoxicated. The Commonwealth called its own witnesses who testified that in their opinion appellant was not in an inebriated condition. In addition, the prosecution introduced the chemical analysis of a blood sample taken from appellant indicating that at the time of the shooting his blood alcohol content by weight was .24%. The toxicologist who performed the test, however, stated that this percentage was inconclusive as to whether or not appellant could have formed the necessary intent for first degree murder.[1]

In its charge to the jury, the trial court gave a full and careful instruction on the subject of intoxication as a defense to murder. With respect to the burden of proof to establish that defense the court said: "Where, however, the charge is felonious homicide, intoxication which would be so great as to make the accused incapable of forming a willful and premeditated design to kill, or incapable of judging his acts and their consequences, might serve to reduce the crime of murder from

---

[1] We note that in the Vehicle Code the legislature has established that when "the amount of alcohol by weight in the blood of the person tested is ten one-hundredths (0.10) percent or more, it shall be presumed that the defendant was under the influence of intoxicating liquor". Act of April 29, 1959, P.L. 58 §624.1(c)(3), as amended, 75 P.S. §624.1(c)(3). While it is doubtful whether alcohol affects equally the physical and mental capabilities of an individual, or that one who is too drunk to drive is also too drunk to form a specific intent to kill, the appellant's blood alcohol content of more than double the Vehicle Code indicator of intoxication would seem to bear out his testimony that he had ingested a considerable quantity of alcoholic beverages on the day in question.

the first to the second degree; however, where a defendant claims there is intoxication at the time of the killing, preventing that killing from being murder in the first degree, *he must prove by a fair preponderance of the evidence that his degree of intoxication was such as to prevent his forming the requisite intent.* \* \* \* *The defendant is not required to prove the defense of intoxication beyond a reasonable doubt. He is required to prove it only by the preponderance, or greater weight of the evidence,* more convincing power of the evidence, and let me hasten to add, although *the burden of proof of this one particular defense is on the defendant,* please keep in mind that the overall burden of proof in any criminal case is on the Commonwealth, and the Commonwealth must prove its case beyond a reasonable doubt." (Emphasis added.)

Appellant concedes, as he must, that the above instruction comports with past pronouncements of this Court,[2] as well as those in a number of other jurisdictions.[3] He contends, however, that the decision of the Supreme Court of the United States in *Re Winship,* 397 U.S. 358, 25 L.Ed.2d 368 (1970) dictates that placing any burden on the defendant to prove intoxication of-

---

[2] See *Commonwealth v. Duncan,* 437 Pa. 319, 322, 263, A.2d 345 (1970) and cases cited therein.

[3] See for example, *United States ex rel. Thompson v. Dye,* 113 F. Supp. 807 (W.D. Pa. 1953), *rev'd on other grounds,* 221 F.2d 763 (3rd Cir. 1955), *cert. denied,* 350 U.S. 875, 100 L.Ed. 773 (1955); *State v. Church,* 169 N.W.2d 889 (Iowa, 1969); *State v. Quigley,* 135 Me. 435, 199 Atl. 269 (1938); *Brown v. State,* 6 Md. App. 631, 252 A.2d 887 (1969); *State v. O'Donnell,* 158 N.W.2d 699 (Minn. 1968); *State v. Arnold,* 264 N.C. 348, 141 S.E.2d 473 (1965); *State v. Poole,* 33 Ohio St. 2d 18, 294 N.E.2d 888 (1973); *State v. Duffy,* 308 A.2d 796 (R.I. 1973). But see *Edwards v. United States,* 172 F.2d 884 (D.C. Cir. 1949); *People v. Evrard,* 55 Ill. App.2d 270, 204 N.E.2d 777 (1965); *State v. Buchanan,* 207 N.W.2d 784, 790 (Iowa, 1973); *State v. Gee,* 194 Kans. 443, 399 P.2d 880 (1965); *Davis v. State,* 54 Neb. 177, 74 N.W. 599 (1898).

fends the Due Process clause of the Fourteenth Amendment. Faced with the issue of the quantity of proof required in juvenile adjudicatory proceedings, the Supreme Court in *Winship* held that "[l]est there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." Id. at 364, 25 L.Ed.2d at 375. Despite the seemingly unequivocal nature of this holding, some uncertainty remains as to how the Supreme Court would regard the so-called affirmative defenses (e.g., self-defense, insanity, intoxication), where traditionally, as in Pennsylvania, the defense has had the burden of proof by a preponderance of the evidence.[4] The present uncertainty arises, at least in part, from the holding in *Leland v. Oregon,* 343 U.S. 790, 96 L.Ed. 1302 (1952) that an Oregon statute requiring *the defendant* in a criminal proceeding *to prove his insanity beyond a reasonable doubt* was not violative of due process.[5]

---

[4] We note that the Crimes Code recently enacted by the Pennsylvania General Assembly, Act of December 6, 1972, P. L. 1482, No. 334, §308 provides as follows: "Intoxication or drugged condition are not, as such, defenses to a criminal charge; but in any prosecution for any offense, evidence of intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to negative an element of the offense." This act did not become effective until June 6, 1973.

[5] Over a half-century earlier, in *Davis v. United States,* 160 U.S. 469 (1895), the Supreme Court had held that a federal murder defendant was entitled to acquittal where there existed a reasonable doubt as to his sanity. That decision, however, was expressly distinguished in *Leland* as establishing no constitutional doctrine, but only a rule to be followed in the federal courts. Apparently, Oregon itself now requires only that a defendant prove sanity by a preponderance of the evidence, *State v. Haggblom,* 439 P.2d 1019 (Or., 1968).

While the continuing validity of *Leland* in light of *Winship* is questionable,[6] our decision need not rest on federal constitutional grounds. It is not necessary for us to speculate that the *Winship* requirement of proof beyond a reasonable doubt of all essential facts encompasses the disproof of other facts (such as intoxication) which, if found, would establish the nonexistence of an essential fact (such as intent). Our determination which follows of the issue presented is in terms of state evidentiary law.

As noted above, Pennsylvania defendants have traditionally had the burden of proving by a preponderance of the evidence the facts relating to an affirmative defense which they wish to assert. *Commonwealth v. Johnston*, 438 Pa. 485, 263 A.2d 376 (1970); *Commonwealth v. Iacobino*, 319 Pa. 65, 178 Atl. 823 (1935); *Commonwealth v. Stein*, 305 Pa. 567, 158 Atl. 563 (1932); *Commonwealth v. Troy*, 274 Pa. 265, 270, 271, 118 Atl. 252 (1922); *Commonwealth v. Morrison*, 266 Pa. 223, 109 Atl. 878 (1920). A major exception to this general rule was created in *Commonwealth v. Bonomo*, 396 Pa. 222, 151 A.2d 441 (1959). In that case, we held that where the defense was alibi, which traditionally had been classified as an affirmative defense in Pennsylvania, the Commonwealth must yet prove beyond a reasonable doubt the defendant's presence at the scene of the crime at the time it was committed. The Court reasoned as follows: "It is because of [the] never-shifting burden upon the Commonwealth to prove every essential element of the charge it makes against the defendant that it cannot logically be said that the Commonwealth has the burden to prove the presence of such element while the defendant, at the same time,

---

[6] See, e.g., Judge BAZELON, concurring in *United States v. Eichberg*, 439 F.2d 620, 624 (D.C. Cir. 1971); Justice McCORMICK concurring in *State v. Buchanan*, 207 N.W.2d 784, 790 (Iowa, 1973).

has the burden of proving its absence. Hence, whenever the prosecution relies upon proof that the defendant is present at the commission of the crime, it cannot be said with any show of reason that the defendant, who asserts he was absent, has any burden of proving it. . . . The Commonwealth has the burden of proving every essential element necessary for conviction. If the defendant traverses one of those essential elements by evidence of alibi, his evidence will be considered by the jury along with all the other evidence. It may, either standing alone or together with other evidence, be sufficient to leave in the minds of the jury a reasonable doubt which, without it, might not otherwise exist." Id. at 230-1, 151 A.2d at 445-6.

The *Bonomo* decision understandably raised questions as to the burden of proof required with reference to the defenses of intoxication, insanity and self-defense[7] When faced with a challenge to the requirement that the defendant prove self-defense by a preponderance of the evidence, however, this Court in *Commonwealth v. Winebrenner,* 439 Pa. 73, 265 A.2d 108 (1970), distinguished alibi from what it characterized as "true" affirmative defenses, *i.e.,* those where the defendant admits his commission of the act charged, but seeks to justify or excuse it. In cases involving such "true" affirmative defenses, the Court in *Winebrenner* adhered to the traditional requirement that the defendant prove them by a preponderance of the evidence. Later that same year, in *Commonwealth v. Vogel,* 440 Pa. 1, 268 A.2d 89 (1970), the Court was obliged to consider still another of the affirmative defenses, that of insanity. As indicated by the four separate opinions and one concurrence in the result in that case, agreement on the standard of burden of proof proved quite elusive, and

---

[7] See B. Laub, Pennsylvania Trial Guide §220 (Supp. 1959-69).

has remained so to date.[8] See also *Commonwealth v. Zlatovich*, 440 Pa. 388, 269 A.2d 469 (1970).

A review of leading commentators on the subject reveals almost unanimous rejection of our *Winebrenner* position. As noted by one respected text writer: "As to all these claims for exoneration [self-defense, duress, insanity, intoxication], their truth goes in final analysis to the guilt, to the rightness of punishing, the accused. Thus it seems inconsistent to demand as to some elements of guilt, such as an act of killing, that the jury be convinced beyond a reasonable doubt, and as to others, such as duress or capacity to know right from wrong, the jury may convict though they have such doubt. Accordingly, the recent trend is to treat these so-called matters of defense as situations wherein the accused will usually have the first burden of producing evidence in order that the issue be raised and submitted to the jury, but at the close of the evidence the jury must be told that if they have a reasonable doubt of the element thus raised they must acquit."[9] The American Law Institute's Model Penal Code (Prop. Official Draft, 1962) takes a similar stance. See Sections 1.12(1), 1.13(9)(c). The drafters of the Code, in their commentary to Section 1.12,[10] state that they do not favor a shifting of the burden of proof to the defendant for affirmative defenses "in the absence of

---

[8] On retrial following our decision in *Commonwealth v. Vogel*, *supra*, the defendant was again convicted of murder in the second degree. The trial court granted a new trial on the ground that the verdict was against the weight of the evidence. On appeal by the Commonwealth, we are now affirming that order, calling attention to the instant opinion and to the decision in *Commonwealth v. Demmitt*, 456 Pa. 475, 321 A.2d 627 (1974).

[9] McCormick, Evidence §341, p. 802 (2d ed. 1972).

[10] See Commentary, Tentative Draft No. 4 (1955), p. 112. (Section 1.12 was formerly numbered 1.13 and Section 1.13 was formerly numbered 1.14. The commentary referred to is 1.13, although it pertains to Code Section 1.12.)

the most exceptional circumstances". Such a course, it is said, "involves too serious an inroad on the principle that guilt should be established beyond a reasonable doubt as to be seriously entertained". See also J. Wigmore, Evidence §2514 (3d. ed. 1940).

Our conclusion on the issues presented by this appeal is in accord with the trend indicated by the above authorities, and may be formulated as follows: In any criminal prosecution, the Commonwealth has an unshifting burden to prove beyond a reasonable doubt all elements of the crime. One of such elements in first degree murder is, of course, a specific intent to kill. This burden is neither increased nor diminished by an attempt by a defendant to disprove the element of intent by a showing of lack of capacity, due to intoxication, to form such an intent. Whether the Commonwealth will, in a particular case, elect to carry that burden without introducing evidence to negate the existence of a disabling condition of intoxication, or whether it will seek to introduce such evidence, will be for it to decide; as in every case, the risk of non-persuasion remains with the Commonwealth. Whatever the district attorney's decision may be in that regard, it is error for the trial judge to instruct the jury that there is a burden upon the defendant to establish his intoxication by a preponderance of the evidence. Such evidence is offered by the defense solely to cast doubt upon the existence of the specific intent to kill and, as with all elements of the crime, the defendant has no burden of persuasion.

We emphasize that our insistence upon the Commonwealth's burden to prove beyond a reasonable doubt all elements of the crime does not require it to disprove a negative. Thus, to enable a defendant to seek to negate specific intent by reliance on the fact of his intoxication, there must be evidence in the case sufficient to place in issue that fact concerning defendant's men-

tal condition. Such evidence may be adduced by the defendant as part of his case, or, conceivably, may be found in the Commonwealth's own case in chief or be elicited through cross-examination. Once a defendant has come forward with such evidence, or it is in the case otherwise, the Commonwealth, as we have indicated above, may introduce testimony to refute it, but is under no duty to do so.

In the case at bar, it is clear that the evidence introduced by the defense was entirely adequate to place in issue the defendant's mental capacity to form the requisite specific intent to kill. As the court's charge placed on the defendant the burden of persuading the jury by a preponderance of the evidence of his intoxication and consequent lack of ability to form such intent, the judgment of sentence must be reversed and the case remanded for a new trial.

It is so ordered.

---

CONCURRING OPINION BY MR. CHIEF JUSTICE JONES:

I agree that a departure from precedent is in order to comport the law pertaining to intoxication with that of alibi[1] and therefore join in granting a new trial. I cannot agree, however, with the broad pronouncements of the plurality and concurring opinions on the burden of proof required with reference to affirmative defenses.

In a criminal prosecution, the Commonwealth has the burden of proving every essential element of a crime necessary for conviction. These elements include the occurrence of a specific type of injury charged, the requisite mens rea, and the accused's agency as per-

---

[1] In *Commonwealth v. Bonomo*, 396 Pa. 222, 151 A.2d 441 (1959), this Court rejected the contention of the *defendant* that it was error *not to charge* the jury with reference to the existence of any burden upon the defendant to prove the defense of alibi.

petrator of the crime. The basis for the never shifting burden upon the Commonwealth to prove guilt beyond a reasonable doubt is the presumption of innocence. Therefore, when a defense is raised which, if believed, would have the effect of negativing an *element* of the crime charged, "it cannot logically be said that the Commonwealth has the burden to prove the presence of such element while the defendant, at the same time, has the burden of proving its absence." *See Commonwealth v. Bonomo,* 396 Pa. at 230, 151 A.2d at 446. In the present case the Commonwealth sought a first-degree murder conviction. It was therefore incumbent upon it, in the context of this case, to prove beyond a reasonable doubt the appellant's specific intent to take life. For that reason, there can be *no burden* on the appellant to traverse that element by proving intoxication by a preponderance of the evidence, and a charge to that effect is error.[2]

The concurring opinion of Mr. Justice ROBERTS goes even further. The result of our decision in *Bonomo* was to relieve the defendant from any burden of proving the defense of alibi, but we did not then, as Justice ROBERTS would today, place upon the Commonwealth the duty to *disprove* beyond a reasonable doubt the theory of defense. This additional burden is unnecessary to protect the rights of a defendant or to insure proof of guilt beyond a reasonable doubt. A jury

---

[2] The trial court did properly charge the jury that even if they were not satisfied as to appellant's intoxication by the weight of the evidence, the evidence of intoxication alone, or in conjunction with the rest of the evidence, may be sufficient to raise a reasonable doubt. We cannot say, however, that the jury did not rely on the erroneous instruction, *see Commonwealth v. Divomte,* 262 Pa. 504, 105 A. 821 (1919), or that the charge did not so confuse the jury as to violate the appellant's rights. *See* the late Mr. Chief Justice BELL's concurring opinion in *Commonwealth v. Bonomo,* 396 Pa. 222, 232, 151 A.2d 441, 447 (1959). *See also Commonwealth v. Barnak,* 357 Pa. 391, 54 A.2d 865 (1947).

charge substantially as follows would adequately safeguard a defendant's rights, accurately reflect the applicable law, and not tend to confuse the jury: "The Commonwealth has the burden of proving the defendant guilty of murder in the first degree by proving beyond a reasonable doubt every essential element of that crime, including a willful, deliberate and premeditated design to kill. If this defendant was drunk to the extent that he could not form a willful, deliberate and premeditated design to kill, or if he was incapable of judging his acts or their consequences, you would not be warranted in finding him guilty of murder in the first degree. You must consider the evidence of drunkenness of the defendant in determining whether or not the Commonwealth has met its burden of proof. The evidence of drunkenness, either standing alone or with all other evidence, may be sufficient in your minds to create a reasonable doubt, which might not have existed without the evidence of drunkenness."[3]

Since the basis for establishing a new evidentiary rule is that here, as in *Bonomo,* it is illogical to impose contradictory burdens of proof, an examination of the burden of proof required with reference to Pennsylvania's other "affirmative defenses" is warranted to clarify this area of the law. The two areas in which this Court has now departed from the traditional requirement that the defendant prove a so-called affirmative defense by a preponderance of the evidence are with respect to alibi and intoxication. Both of these defenses are directed towards negativing an *element* of the crime which it is the Commonwealth's duty to prove, rather than claiming justification or excuse, and are not truly affirmative defenses.[4]

--------

[3] This is essentially appellant's second point for charge which was given by the trial court.

[4] In an affirmative defense the defendant does not claim that he did not or could not have committed the crime charged, but that

In *Commonwealth v. Winebrenner*, 439 Pa. 73, 265 A.2d 108 (1970), this Court distinguished alibi from what is classified as "true affirmative defenses." Although the majority in *Winebrenner* unfortunately included intoxication among the class of affirmative defenses, 439 Pa. at 84 n. *, 265 A.2d at 114 n. 7, the rationale of that case was well-taken.[5] Among those recognized by Pennsylvania as affirmative defenses to various crimes are coercion, entrapment, insanity, and justification.[6] These are defenses not because if believed they prevent the Commonwealth from meeting its burden of proof, but because public policy dictates that these are situations which the penal laws were not designed to proscribe or punish. The policy behind these defenses cannot be doubted. To afford the benefits of this policy to one who has otherwise been proven guilty beyond a reasonable doubt, however, it is not unreasonable nor unfair to require a defendant to prove by the weight of the evidence that he is so entitled.

---

its commission was justified or should be excused. *See Commonwealth v. Winebrenner*, 439 Pa. 73, 265 A.2d 108 (1970). *See also* Crimes Code of December 6, 1972, P. L. 1482, No. 334, 18 Pa.C.S. §308; "Intoxication or drugged conditions are not, as such, defenses to a criminal charge; but in any prosecution for any offense, evidence of intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to negative an element of the offense." (Although this section did not become effective until June 6, 1973, it reflects a legislative policy similar to that advocated judicially herein.)

[5] In *Winebrenner*, this Court unanimously held that self-defense was an affirmative defense which the defendant had a burden of proving by a fair preponderance of the evidence. Today's plurality opinion, however, appears to overrule *sub silentio* our holding in *Winebrenner*.

[6] Consent is a defense in the nature of alibi and intoxication since it negatives an element of those crimes to which it is a defense.

Both Mr. Justice ROBERTS and Mr. Justice POMEROY suggest that we view "element of an offense" to include such conduct as "negatives an excuse or justification for such conduct" in accordance with Section 1.13(9)(c) of the Model Penal Code. This has never been the law of Pennsylvania either at common law or by statute. In addition, our new Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. §101 *et seq.,* which was fashioned after the Model Penal Code, *did not incorporate this provision.*[7] Due process does not require that the Commonwealth disprove *affirmative defenses* beyond a reasonable doubt and, if such is to be the law of Pennsylvania, it must come through legislation and not through judicial fiat.

---

[7] Contrariwise, the Crimes Code specifically provides that in the case of entrapment the defendant has the burden of proving this defense by a preponderance of the evidence. 18 Pa.C.S. §313(b).

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

Like the majority, I am of the view that appellant is entitled to a new trial because the trial court erroneously charged the jury that appellant had the burden of proving intoxication to negate the element of specific intent necessary to a verdict of murder in the first degree.

Further I agree that when the accused places in issue a defense to an element of the crime charged (such as, for example, intoxication or insanity) he assumes no burden of proving that defense. The Commonwealth always has the burden of proving beyond a reasonable doubt every element of the crime charged; an accused has no burden of persuasion.[1]

---

[1] Our state constitution, independently of and similarly to the federal constitution, demands no less. See *Commonwealth v. Bonomo,* 396 Pa. 222, 151 A.2d 441 (1959); cf. *In re Winship,* 397 U.S. 358, 90 S. Ct. 1068 (1970).

However, I must note my disapproval of any notion of "sufficiency" of evidence placing intoxication in issue. This sufficiency concept serves no purpose but to obfuscate the true question—whether the issue is in the case.

In my view, the accused has no obligation to introduce any particular evidence in support of his claimed defense. No specific quality or quantity of evidence need be produced.[2] Once the particular defense to an element of the crime charged is in the case—however and by whomever raised—a defendant upon request is entitled to a charge that the jury must acquit if it has a reasonable doubt as to the challenged element of the offense. See McCormick's Handbook on the Law of Evidence §341, at 802 (2d ed. E. Cleary 1972).

This view is in harmony with the Model Penal Code. Model Penal Code §1.12 (Proposed Official Draft, 1962). The commentary to that section explains: "When . . . there is evidence supporting the defense (whether presented by the prosecution or defendant), the prosecution has the normal burden; the defense must be negatived by proof beyond a reasonable doubt." Id. §1.12 (formerly §1.13), Comment at 110 (Tent. Draft No. 4, 1955). See also 18 Pa.C.S. §308 (1973).

Mr. Justice MANDERINO joins in this concurring opinion.

---

[2] Of course, the defendant may wish to introduce direct, affirmative evidence to put in issue his defense to an element of the crime. Evidence may, however, come from other sources. It may be found in the Commonwealth's case in chief or be elicited during cross-examination. See *Virgin Island v. Bellott*, 495 F.2d 1393 (3d Cir. 1974). It may also appear in the circumstances surrounding the commission of the crime charged.

---

CONCURRING OPINION BY MR. JUSTICE NIX:
I concur in the result.

I am most pleased by the majority's recognition, although belated, that it is totally illogical to have co-existing principles, one requiring the Commonwealth to prove an element of the crime beyond a reasonable doubt and the other mandating the defense to negate that same element by a preponderance of the evidence. The most astute juror would find such an instruction incomprehensible. The confusion was compounded by the Court's alleged clarification of the subject in *Commonwealth v. Winebrenner*, 439 Pa. 73, 265 A.2d 108 (1970). In *Winebrenner*, the Court created a classification of "true" affirmative defenses which it was argued were in the nature of confession and avoidance. Thus it was reasoned that, since the accused admitted the crime charged, the burden could properly be placed upon him to establish the justification or excuse. Without commenting upon the merits of such a formulation in general, it should have been immediately apparent that such a rationale was hopelessly inappropriate where the challenge was intoxication.

We have consistently held in this Commonwealth that intoxication does not provide an excuse for criminal conduct and that such evidence is only relevant for the purpose of negating specific intent. *Commonwealth v. Brabham*, 433 Pa. 491, 252 A.2d 378 (1969); *Commonwealth v. Reid*, 432 Pa. 319, 247 A.2d 783 (1968); *Kilpatrick v. Commonwealth*, 31 Pa. 198 (1858). Thus it is apparent that the introduction of evidence establishing alcoholic consumption is not an admission of the crime charged and the offering of the resultant intoxicated state is not an insulation against criminal responsibility; rather the evidence is received in an effort to demonstrate the absence of an essential element of the crime—the required mental state. The enormity of the paradox created by the conflicting instructions should have been clearly perceived under the

*Winebrenner* reasoning; unfortunately, the contrary was true. 439 Pa. at 84 n.7, 265 A.2d at 114.

My pleasure with the majority's present realization of the former error is tempered unfortunately by its relegation of this change in the law to a mere establishment of a new evidentiary rule. While there may be some justification for the majority's reluctance to hold that this change is mandated by the Federal Constitution, there is no excuse for its failure to recognize the clear requirements of the Constitution of this Commonwealth. The Due Process Clause of Article I, Section 9 of the Pennsylvania Constitution must at least require that the judgment of one's peers be guided by some type of intelligible standard. Nothing is more basic to the adjudicatory process than the standard to be employed by the finder of fact in the determination of guilt or innocence. Where the standard employed is so completely contradictory as to render it unintelligible, the fact finder is left without guidance and due process is offended.

My views pertaining to the majority's comments that a certain quantum of evidence must be introduced before the defendant's capacity to form a specific intent is in issue have been fully set forth in my concurring opinion in *Commonwealth v. Demmitt,* 456 Pa. 475, 321 A.2d 627 (1974).