356 A.2d 762
**COMMONWEALTH of Pennsylvania**
v.
**Daniel DELKER, Appellant.**

Supreme Court of Pennsylvania.
Argued March 11, 1976.
Decided May 12, 1976.

John J. Dean, Anthony J. Lalama, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

Appellant was convicted by a jury of murder in the first degree for the killing of a correctional officer at the Western Pennsylvania State Correctional Institution at Pittsburgh while appellant was an inmate there. His post-verdict motions were denied and he was sentenced to a term of life imprisonment. This direct appeal followed.

Appellant has raised three issues for our consideration. We reach only one of those, however, because it alone requires that a new trial be had.*

At his trial in July, 1974, Delker admitted killing the officer, but introduced in his defense a qualified psychiatrist, who testified that in his expert opinion appellant, due to a certain type of mental illness, did not know the difference between right and wrong at the time of the killing. During the course of his charge to the jury regarding the defense of insanity, the trial judge stated that "[t]he defendant has the burden of going forward with the evidence and proving insanity by the fair preponderance of the evidence." At the conclusion of the charge defense counsel took specific exception to that portion of the charge, which was overruled. We agree with appellant that this charge was erroneous in light of our decisions in Commonwealth v. Rose, 457 Pa. 380, 321 A.2d 880 (1974) and Commonwealth v. Demmitt, 456 Pa. 475, 321 A.2d 627 (1974). In Commonwealth v. Dem-

---

* The other alleged errors are the refusal of the trial judge to permit into evidence certain handwriting exemplars made by the defendant; and a comment made by the trial judge in the course of his charge to the jury bearing on the appellant's guilt.

*mitt,* we made it clear that in cases such as this, where there is evidence present in the case sufficient to raise the issue of insanity, the burden is upon the Commonwealth to establish the defendant's sanity beyond a reasonable doubt. This was the law at the time of appellant's trial, and he is entitled to a new trial at which the jury may be properly instructed.

Judgment of sentence reversed and a new trial ordered.