410 A.2d 364

**COMMONWEALTH of Pennsylvania,**

v.

**Robert William LOBMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted July 17, 1979.

Filed Sept. 14, 1979.

Gerald C. Grimaud, Tunkhannock, and with him Joseph R. Gorman, Tunkhannock, for appellant.

James E. Davis, District Attorney, Tunkhannock, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

WEKSELMAN, Judge:

Appellant was charged with criminal homicide, robbery, burglary, theft and criminal conspiracy. He entered a plea of guilty to murder generally and a plea of guilty to robbery. All of the other charges were nolle prossed. A degree of guilt hearing was held before a three-judge court which

---

* Justice ROBERT N. C. NIX, Jr. of the Supreme Court of Pennsylvania and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

unanimously found the appellant guilty of murder in the first degree. He now appeals from the judgment of sentence of life imprisonment imposed by the court below.

The sole issue raised by appellant is that the Commonwealth failed to prove beyond a reasonable doubt that he had formed the necessary intent to kill wilfully, deliberately and with premeditation. That assertion of error is based upon appellant's contention that he was so intoxicated at the time of the murder that he could not form the specific intent to kill required for a finding of murder in the first degree. We have reviewed the record and find appellant's argument to be without merit.

The Commonwealth, of course, has the unshifting burden of proving every element of the crime beyond a reasonable doubt. *Commonwealth v. Rose*, 457 Pa. 380, 321 A.2d 880 (1974). Among the elements of the crime which the Commonwealth must prove in order to establish guilt of first degree murder is a specific intent to kill. *Commonwealth v. O'Searo*, 466 Pa. 224, 352 A.2d 30 (1976). The test of sufficiency of the evidence is whether the evidence and all reasonable inferences therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to sustain the conviction of murder of the first degree beyond a reasonable doubt. *Commonwealth v. Fairell*, 476 Pa. 128, 381 A.2d 1258 (1977). The evidence, viewed in the light of that standard, establishes that appellant, along with two confederates, had been drinking and playing cards on the evening of the crime. He and his companions then went to a tavern operated by the victim. They there did some additional drinking and formulated a plan to rob the victim. The three then left the tavern, appellant entered alone, killed the victim, and the three subsequently ransacked the establishment, stole some money and left in the victim's automobile.

The evidence discloses that after the three confederates had formed the intention to rob the establishment, appellant's companions informed appellant that they were both known to the intended victim of the robbery. Appellant

thereupon informed his companions that he would kill the victim, thereby precluding the possibility of their identification. As hereinabove indicated, he entered the bar alone. The other two testified that they heard a thump and when they entered the tavern, they saw the victim on the floor, bleeding profusely from very severe head and face wounds which had been inflicted by a broken bottle, and the appellant jumping up and down on the victim's abdomen shouting obscenely for the victim's death.

The trial court properly found that all of the requisite elements of first degree murder were present. The testimony indicated that a conscious purpose to kill the victim had been formed prior to appellant's entering the premises. The use of a broken bottle on the head and face of the victim clearly constitutes the use of a deadly weapon on a vital part of the body. *Commonwealth v. Ingram*, 440 Pa. 239, 270 A.2d 190 (1970). Although there was evidence of the consumption of alcohol prior to the commission of the crime, there was sufficient evidence upon which the factfinder could and did find that appellant was not in such a state of intoxication as to preclude the formation of the requisite specific intent. Appellant's post-arrest statements indicated a good recall of the details of pre- and post-crime activities and, as aptly stated by the court below, those details recounted by the appellant "could not be the recollection of a mind so besotted that the specific intent to kill could not be formed. Nor do we believe that the defendant could have acted as he did if he had been intoxicated."

One of appellant's co-conspirators, a 17-year-old cousin, testified that he thought appellant to have been drunk at the time of the killing. The court below found that testimony to be of "little weight and . . . of doubtful credibility." The trier of fact may believe any, all, or none of the testimony offered at trial, issues of credibility being solely for the factfinder. *Commonwealth v. Fairell, supra.* We conclude that the trial court's reliance on lay testimony and evidence as to the surrounding circumstances produced suffi-

496

cient proof to establish first degree murder beyond a reasonable doubt.

Judgment of sentence affirmed.