J-S78027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                               :          PENNSYLVANIA
                               :
            v.                 :
                               :
                               :
                               :
ANTHONY DEADWYLER             :
                               :
           Appellant           :   No. 4075 EDA 2017

Appeal from the Judgment of Sentence September 19, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000286-2016


BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 25, 2019**

Anthony Deadwyler appeals from the judgment of sentence entered following his bench trial convictions for possession with intent to deliver a controlled substance ("PWID"), possession of a controlled substance, and conspiracy to commit PWID.[1] Deadwyler claims the Commonwealth failed to present sufficient evidence to support a finding that he possessed the narcotics. We affirm.

The trial court set forth the factual history, which we adopt and incorporate herein. Trial Court Opinion, filed Aug. 21, 2018, at 1-4 ("1925(a) Op."). On May 24, 2017, the trial court convicted Deadwyler of the above-referenced offenses. On September 19, 2017, the trial court sentenced

_____

* Former Justice specially assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), and 18 Pa.C.S.A. § 903, respectively.

Deadwyler to two to four years' imprisonment and five years' probation for the PWID conviction, a concurrent term of two to five years' imprisonment and five years' probation for the conspiracy conviction, and no further penalty for the possession of a controlled substance conviction. Deadwyler filed a post-sentence motion, which the trial court denied. He then filed a timely notice of appeal.

Deadwyler raises the following issue on appeal: "Was the evidence insufficient to convict Appellant Anthony Deadwyler of [PWID], [c]riminal [c]onspiracy, and [p]ossession of a [c]ontrolled [s]ubstance?" Deadwyler's Br. at 3. Deadwyler maintains the Commonwealth failed to prove that he possessed the narcotics, arguing he was merely present, he had no narcotics on him at the time of arrest, he did not flee from police, and the arrested buyers could have had the narcotics prior to speaking with Deadwyler.

When reviewing a sufficiency of the evidence claim, we must determine whether, when viewed in the light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crime charged is established beyond a reasonable doubt. *See Commonwealth v. Brown*, 23 A.3d 544, 559 (Pa.Super. 2011) (*en banc*). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Id.* (quoting *Commonwealth v. Hutchinson*, 947 A.2d 800, 806 (Pa.Super. 2008)).

The trial court set forth the elements of the crimes and the relevant law and found the Commonwealth presented sufficient evidence to establish Deadwyler constructively possessed the narcotics and sufficient evidence to support the PWID, possession, and conspiracy convictions. 1925(a) Op. at 4-6. It reasoned that a police officer observed Deadwyler engaging in multiple hand-to-hand narcotics transactions, while a co-defendant acted as a lookout. *Id.* at 6. Police officers arrested the buyers involved in the transactions, and found narcotics during the searches of the buyers. *Id.* When the police arrested Deadwyler, he had $329 on his person. *Id.* The court found Deadwyler had conscious dominion over the narcotics. *Id.* In response to Deadwyler's arguments that the buyers were not under surveillance and that buyers could have walked to the area with the drugs, the court found that the police officers witnessed all sales between Deadwyler and the buyers. *Id.* at 7.

We agree with the trial court that the evidence was sufficient. After review of the parties' briefs, the certified record, and the well-reasoned opinion of the Honorable Vincent Johnson, we affirm on the basis of the trial court opinion. 1925(a) Op. at 6-7.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/25/19



FILED

2018 AUG 21 PM 4:21

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT
OF PENNSYL

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :
                         :         CP-51-CR-0000286-2016
v.                   :
                         :
ANTHONY DEADWYLER        :

CP-51-CR-0000286-2016 Comm. v. Deadwyler, Anthony
Opinion

8153032961

## OPINION

### I.    Procedural History

On May 24, 2017, Defendant, Anthony Deadwyler, was of found guilty of manufacture, delivery, or possession with intent to manufacture or deliver (PWID)[1], Possession of a Controlled Substance,[2] Conspiracy to PWID.[3] On September 19, 2017, Defendant was sentenced to 2 to 4 years confinement followed by 5 years of reporting probation as to the PWID and Conspiracy to PWID with no further penalty on Possession of a Controlled Substance. On December 13, 2017, Defendant filed a notice to appeal to Superior Court. On October 12, 2017, the court filed a 1925(b) order. On January 17, 2018, a statement of matters complained on appeal was timely filed.

### II.    Facts

Officer Stan Galiczynski testified that on September 18, 2015, he began surveillance because of numerous complaints about narcotic sales. N.T. 05/24/17 at 10; 24. During Galiczynski's surveillance, he observed Defendant, Anthony Deadwyler, and Co-Defendant, Brandon Deadwyler, being approached by numerous

---

[1] 35 § 780-113 §§ A30
[2] 35 § 780-113 §§ A16
[3] 18 § 903

1

individuals, hold a brief conversation, and individuals would hand Defendant U.S. currency in exchange for narcotics while his co-defendant acted as a lookout. Id. at 11-12. The first person to approach Defendant was Jose Gonzalez, who handed Defendant U.S. Currency in exchange for narcotics that was given to him by Defendant in a closed hand. Id. at 12-13. A description of Gonzalez was given to back up Officer Clerkin, leading Jose Gonzalez to be stopped with 2 yellow plastic packets containing an off white chunky substance, alleged crack cocaine. Id. Defense counsel and District Attorney stipulated that "Officer Clerkin would testify that he stopped Mr.Gonzalez and recovered and place the narcotics on property receipt 3222642." Id.

Officer Galiczynski then observed Defendant in another narcotic transaction with a white male identified as Kirk Smith. Id. at 14. Smith was then stopped by Officer Hudgens and was found with "one clear plastic containing a blue glassine insert paper with a brown powdery substance, alleged heroin." Id. at 15. Defense counsel and District Attorney then stipulated that if Officer Hudgens were to testify, "he would testify that he did stop Kirk Smith, that he placed those items on property receipt 3222643." Id. Officer Galiczynski observed Defendant leaving the area and gave a description of Defendant and the direction in which he was leaving to back-up officers. Id. Officer Lee stopped Defendant and found $329 on Defendant's person. Id. At 16. Defense counsel and District Attorney then stipulated that if Officer Lee were to testify, he would testify that he stopped Defendant and recovered "$329 in denominations of 16 twenty dollar bills, 1 five dollar bill, and 4 one dollar bills and placed that on property receipt 3222646." Id. After having been arrested, Defendant's

2

co-defendant, Brandon Deadwyler, was still selling narcotics in the same area. Id at 18-21. District Attorney and Defense counsel had one more stipulation that:

> Your Honor, there's one further set of stipulations. That if the analyst German Madera testified, she would testify that she analyzed the items on Property Receipt 3222642. That was the two yellow Ziploc packets. She did test them. They each weighed -- one weighed .087 grams that did test positive for cocaine. Your Honor, if John Lorenzo, the other analyst would testimony, he would testify he tested the items on Property Receipt 3222643 that was the two blue Ziploc packets. One of those was analyzed. It weighed .185 grams, did test positive for cocaine. He also tested one blue and clear packet stamped Poison that came back and tested positive for heroin at .014 grams. Additionally, German Madera would also testify that she tested the items on Property Receipt 3222644, and that was the one black Ziploc packet of alleged marijuana which did test positive for marijuana. It weighed .685 grams. And finally, Sajju Philip tested items on Property Receipt 3222645. Those were the two black Ziploc packets. One of them weighed .725 grams, and they did test positive for marijuana.

Id at. 32-33. The court accepted all the stipulations, found the testimony of Officer Galiczynski credible, and found Defendant guilty of all charges. Id. At 43. Additionally, the court warned Defendant to not frequent the neighborhood where he sold narcotics. Id at 45-48.

During Defendant's sentencing hearing, Defense counsel listed Defendant's extensive history of drug crimes. N.T. 09/19/17 at 6-9. Additionally, Defense counsel asked Defendant "you historically have been a drug dealer." Id. At 11. To which Defendant answered "Yes." Id. Defense counsel then asked Defendant whether he is a drug dealer now, to which Defense counsel answered no. Id. However, Defendant admitted to knowing drug dealers and has not cut ties with those drug dealers. Id. Officer Alston has testified that he still sees Defendant in the area but not as consistent as he use to. Id at 42. The court looked at the mitigating and aggravating factors and sentenced Defendant to 2 to 4 years incarceration followed by 5 years

3

reporting probation and to enroll in a substance abuse program if needed, random drug screenings, and vocational training to have employment once he is released. Id. at 51-55;59.

## III. Matters Complained On Appeal

Appellant's Rule 1925(b) statement raises an allegation of error on the part of this court's decision to convict Defendant. This court's opinion will address these allegations:

1. There was insufficient evidence to convict Anthony Deadwyler of Possession with Intent to deliver a Controlled Substance, Criminal Conspiracy, and Possession of a Controlled Substance. The Commonwealth did not present enough evidence. Appellant Anthony Deadwyler never fled and there was no narcotics recovered from Appellant Anthony Deadwyler or the keep he was in when he was arrested. There was no testimony that either Police Officer Stan Galiczynski or back up officers had Mr. Gonzalez or Mr. Smith, the alleged buyers, under constant surveillance. The individuals could have walked into the area with narcotics on them. There was nothing to show that these individuals were given narcotics by Appellant Anthony Deadwyler.

## IV. Discussion

1. The Court Found Sufficient Evidence To Convict Defendant.

Appellant argues that the court did not have sufficient evidence to convict Defendant because the Commonwealth did not present enough evidence, there were no narcotics found on Defendant's person, Defendant never fled, there was no testimony that the alleged buyers were under constant surveillance by

4

the officers, that the buyers could have walked into the area with narcotics on them, and that there is nothing to show that the buyers were given narcotics by Defendant. The Superior Court has stated that evidence is sufficient to sustain a conviction when "accepting as true, all the evidence and all reasonable inferences deductible from such evidence upon which the trier of fact could have based his verdict, the evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt." Com. v. Williams, 362 A.2d 244, 248 (1976). "Pennsylvania defendants have traditionally had the burden of proving by a preponderance of the evidence the facts relating to an affirmative defense which they wish to assert." Com. v. Rose, 321 A.2d 880, 883 (1974). "The Commonwealth has the burden of proving every essential element necessary for conviction." Rose, 321 A.2d 880, 883 (1974). To convict a defendant for criminal conspiracy, "the Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy." Com. v. McCall, 911 A.2d 992, 996 (2006). To convict a Defendant of PWID,

> The Commonwealth must prove both the possession of the controlled substance and the intent to deliver the controlled substance.' It is well settled that '[i]n narcotics possession cases, the Commonwealth may meet its burden by showing actual, constructive, or joint constructive possession of the contraband. Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." To

5

aid application, we have held that constructive possession may be established by the totality of the circumstances.

Com. v. Roberts, 133 A.3d 759, 767–68 (2016). The Superior Court has stated when narcotics are not found on a defendant's person, constructive possession can be established to show that defendant had conscious dominion over the narcotics. Com. v. Ocasio, 619 A.2d 352, 354 (1993).

Here in this case, Officer Galiczynski observed Defendant engaging in multiple sales of narcotics by handing the buyers narcotics in a closed hand for the exchange of U.S. currency; while his co-defendant acted as a look out. Galiczynski then contacted back-up officers to arrest the buyers, whom were found with narcotics on their person when arrested. Additionally, Defense counsel and Commonwealth stipulated to the narcotics found on the buyers after the transaction with Defendant. After leaving the location of the transactions, Defendant was then arrested with $329 on his person. Defense counsel is arguing because he did not have narcotics on him, he cannot be convicted of PWID, conspiracy to PWID, or Possession of a Controlled Substance. However, the Defendant can be convicted of PWID and Possession of a Controlled Substance because Defendant constructively possessed the narcotics. Defendant clearly had conscious dominion over the narcotics when handing the narcotics off to the buyers. Furthermore, conspiracy can be proven because Defendant and co-defendant both aided one another in the sale of narcotics and committed the act by the co-defendant acting as the lookout and Defendant handing drugs to buyers.

6

In addition, Defense counsel argues that the buyers could have walked to the area with drugs and that there was nothing to show that they received the narcotics from Defendant. This argument is a red herring and is not true. Galiczynski witnessed all the sales that happened between Defendant and the buyers. Defense counsel also argues that the officers did not have the buyers under consistent surveillance. Again, this argument is a red herring and is irrelevant to the case at hand because Galiczynski witnessed the sales between the buyers and Defendant. Additionally, the buyers are not the ones being put on trial in this case. Defense counsel then argues that Defendant did not flee. This argument is also irrelevant, because as the court noted, "...[T]he Court, first of all, finds there's no charge in fleeing."[4] Furthermore, defense counsel had the burden of preponderance of the evidence to prove the defense that he asserted, which he did not. However, the Commonwealth fulfilled their burden of proving every element of their case. The court found the evidence that Commonwealth put on trial to be credible and found Defendant guilty of PWID, Conspiracy to PWID, and Possession of a Controlled Substance. Therefore, the court did not err in convicting Defendant.

## V. Conclusion

For the aforementioned reasons, the Court should affirm the Defendant's conviction.

---

[4] N.T. 05/24/17 at 43.

7

**BY THE COURT,**

_____

VINCENT L. JOHNSON, J.

**Date: August 21, 2018**

8

## PROOF OF SERVICE

I hereby certify that I am on this 21[th] day of August, 2018, serving the foregoing Opinion on the persons indicated below, by first class mail:

Earl Douglas, Esq.                             Counsel for Defendant
1015 Chestnut St. Suite 902
Philadelphia, PA 19107

William Fritze, Esq.                           Counsel for Commonwealth
Assistant District Attorney
3 South Penn Square
Philadelphia, PA 19107

Hugh Burns, Esquire                          Chief Appeals Unit for Commonwealth
Chief, Appeals Unit
District Attorney's Office
3 South Penn Square
Philadelphia, PA 19107

Taylor House
Law Clerk to the Honorable
Vincent L. Johnson

9