## Commonwealth v. Herlihy

*Marta Laynas, assistant district attorney,* for the Commonwealth.

*Dennis D. Brogan,* for defendant.

STIVELY, *J.,* April 15, 1987—At the hearing on this charge of defiant trespass, 18 Pa.C.S. §3503(b), defendant introduced evidence that raised the statutory affirmative defense set forth in section 3503(c)(2) of the aforesaid title:

"It is a defense to prosecution under this section that:

(2) The premises were, at the time, open to members of the public and the actor complied with all *lawful conditions* imposed on access to or remaining in the premises; . . ." (Emphasis added.)

In Com. v. White, 342 Pa. Super. 1, 492 A.2d 32, 35 (1985) our Superior Court found that the aforesaid section 3503(c)(2) is an adoption of Model Penal Code §221.1 and that the official notes to the

proposed official draft of said section 221.2 state in pertinent part:

"The primary objective is to exclude criminal prosecution for *mere presence* (Emphasis added.) of a person in a place where the public generally is invited. Persons who become undesirable by virtue of disorderly conduct may of course be prosecuted for that offense. . . ."

When defendant raised this issue he thus raised an affirmative defense and the burden of proof fell upon the Commonwealth to disprove the said defense beyond a reasonable doubt. If the finder of fact has a reasonable doubt as to the element thus raised, the defendant must be acquitted. Com v. White, supra. See also: Com. v. Rose, 457 Pa. 380, 321 A.2d 880 (1974).

Herein, the evidence was clear that the defendant was, at all times, on a parking lot which was a part of a three-building retail, commercial, and professional complex.[1] He never entered the building in the complex which contained the Women's Suburban Clinic. Approximately one week earlier, Shelly Miller, administrator of the clinic, had confronted defendant in the building that held the clinic, told him to get "out of the building" and also advised him to "get off the property". However, she never defined or delineated the "property" in question.

The Commonwealth contends that the defendant is not protected by the section 3305(c)(2) defense because, at the time, defendant was committing the alleged defiant trespass, he was not complying with "lawful conditions imposed on access to or remaining in the premises." Here, no conditions were ever imposed upon defendant's being on the parking lot;

---

1. The parking lot was open to the members of the public.

and it seems unlikely that any conditions for such action would have been "lawful," in view of the public nature of the parking lot.[2] Defendant's actions on the parking lot might have amounted to harassment, but that charge is not here involved.

We find that the Commonwealth has failed to disprove defendant's affirmative defense beyond a reasonable doubt. Defendant must be given the benefit of that reasonable doubt and thus found not guilty.

## ORDER

And now, this April 15, 1987, defendant is found not guilty of the charge of defiant trespass.

---

2. In Commonwealth v. Downing, 323 Pa. Super. 153, 470 A.2d 526, 529 (1983) the court stated "such restrictions must be both reasonable and non-discriminatory and may not be based simply upon an undifferentiated fear or apprehension of disturbance."