J-S23041-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
v. :
:
JOSEPH EDWARD CAP, :
:
Appellee : No. 2217 EDA 2014

Appeal from the Order Entered July 1, 2014,
in the Court of Common Pleas of Lehigh County,
Criminal Division, at No(s): CP-39-CR-0001154-2014

BEFORE: DONOHUE, SHOGAN, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.: **FILED JUNE 03, 2015**

The Commonwealth of Pennsylvania (the Commonwealth) appeals from the order entered on July 1, 2014,[1] which dismissed the Commonwealth's charges against Joseph Edward Cap (Cap) as *de minimis* pursuant to 18 Pa.C.S. § 312. Upon review, we reverse the order dismissing the charges and remand for trial.

We set forth the background of this case as best we can discern from the certified record. On October 16, 2013, Officer Richard Seltzer, along with Sergeant Collins of the Allentown Police Department responded to Maxx Fitness for a disturbance. When Seltzer arrived, Collins was already there, and informed Seltzer that Cap was creating a disturbance. Collins had

---

[1] The order is dated June 26, 2014, but was not filed and entered on the docket until July 1, 2014; thus, the 30 day period of time for filing an appeal began to run on July 1, 2014. Pa.R.A.P. 108(a)(1) and (d)(1).

*Retired Senior Judge assigned to the Superior Court.

advised Cap multiple times that "he was no longer welcome at the gym for the day due to him breaking the dress code." Affidavit of Probable Cause, 10/18/2013. However, "Cap continued to argue with [police] over him no longer being welcome at the gym." *Id*. Cap was informed by police that "if he did not leave immediately he would be trespassing as he was warned multiple times to leave." *Id*.

Cap was arrested and charged with defiant trespass by actual communication, graded as a misdemeanor of the third-degree. Following a preliminary hearing, the charge was held for court. The Commonwealth filed its criminal information and Cap subsequently filed a pre-trial motion requesting various documents and dismissal of the case. On June 26, 2014, the trial court *sua sponte* determined that Cap's criminal conduct was *de minimis*, pursuant to 18 Pa.C.S. § 312, and dismissed the charges. The Commonwealth filed a motion for reconsideration, which the trial court denied. This timely appeal followed.

On appeal, the Commonwealth presents one question for this Court's review: "Did the trial court abuse its discretion in characterizing [Cap's] conduct as a *de minimis* infraction and *sua sponte* dismissing the charges against him?" *Id*. at 4. We consider this issue mindful of the following.

A trial court may dismiss charges if it finds the conduct constituting the offense to be *de minimis* in nature. The Crimes Code provides:

**(a) General rule.--**The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

> (1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;
>
> (2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
>
> (3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

18 Pa.C.S. § 312.

"The purpose of this section is to remove petty infractions from the category of criminal conduct." ***Id***. (comment).  However, "[a]n offense alleged to be *de minimis* in nature should not be dismissed where either harm to the victim or society in fact occurs." ***Commonwealth v. Lutes***, 793 A.2d 949, 963 (Pa. Super. 2002); ***see Commonwealth v. Moses***, 504 A.2d 330 (Pa. Super. 1986) (finding conduct of defendant, who punched a ten-year-old boy in the stomach and took 35¢ in candy money, not *de minimis* because the boy was harmed).

Additionally, we review the trial court's decision to dismiss these charges for an abuse of discretion. ***Commonwealth v. Przybyla***, 722 A.2d

183 (Pa. Super. 1998). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." *Lutes*, 793 A.3d at 959.

Instantly, Cap was charged with defiant trespass pursuant to 18 Pa.C.S. § 3503(b)(1)(i), which provides that "[a] person commits [this] offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by … actual communication to the actor[.]" "The purpose of the criminal trespass statute is to prevent unlawful intrusion onto real property or remainder thereon or to prevent unlawful breaches of the peace relating to realty." *Commonwealth v. White*, 492 A.2d 32, 36 (Pa. Super. 1985).

The trial court offered the following written statement of reasons as to why the charges qualified as *de minimis*. **See** 18 Pa.C.S. 312(b) ("The court shall not dismiss a prosecution under this section without filing a written statement of its reasons[.]").

> Having regard to the nature of the conduct charged and the nature of the attendant circumstances, [the trial court] found that the conduct of [Cap] did not actually cause or threaten harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of the conviction.

Trial Court Opinion, 7/30/2014, at 1-2.

The Commonwealth contends, *inter alia*, that Cap's conduct "is precisely the type of harm sought to be avoided by [the statute]…. [Cap's] willful refusal to adhere to the Club's dress code, Club representative requests to leave, and insistence to defiantly use the Club's property was criminal." Commonwealth's Brief at 11. "Police intervention was necessary and ultimately, [Cap] gave police no choice but to arrest him." **Id**. We agree with the Commonwealth's position.

While the case law is sparse on the subject of what qualifies as a *de minimis* infraction for the purposes of the Crimes Code, the conduct at issue in this case is clearly the harm the defiant trespass statute is designed to address. Cap remained on the property after being asked to leave by Club personnel; after being asked to leave by police; and, even after being threatened with arrest. Thus, he remained on the property after it was communicated to him that he was no longer welcome. Such conduct could be considered more than a trivial infraction. Accordingly, we hold the trial court abused its discretion by dismissing the Commonwealth's case as *de minimis*.

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 6/3/2015