J-S71024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| PATRICK DANIEL TILLIO, JR. | |
| Appellant | No. 3495 EDA 2015 |

Appeal from the Judgment of Sentence October 29, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004226-2015

BEFORE:  BOWES, PANELLA AND FITZGERALD,* JJ.

CONCURRING MEMORANDUM BY BOWES, J.:          **FILED APRIL 26, 2017**

While I agree with my colleague Judge Panella that affirmance of the conviction is warranted, I disagree with the employed waiver rationale. Rather, I agree with my learned colleague Judge Fitzgerald that Appellant's sole claim on appeal is not waived due to a defective Pa.R.A.P. 1925(b) statement.  I find, however, that Appellant waived the affirmative defense asserted on appeal by failing to raise it at trial.  I therefore concur in Judge Panella's affirmance of the conviction for the following reasons.

Following a bench trial, Appellant was found guilty of one count of defiant trespass, 18 Pa.C.S. § 3503(b)(1)(i), graded as a summary offense. Appellant subsequently filed a Pa.R.A.P. 1925(b) concise statement that erroneously stated he was convicted of 18 Pa.C.S. § 3503(b.1)(ii), which is

_____

* Retired Senior Judge specially assigned to the Superior Court.

the crime of simple trespass, and challenged the sufficiency of the evidence. As the trial court recognized in its opinion, the statement cited the wrong crime and referenced elements of the simple trespass crime which are not elements of defiant trespass. The Commonwealth did not challenge the deficiencies of the statement, and the trial court elected to the address the claim.

Unlike Judge Panella, writing for the majority, I would not deem Appellant's claim waived due to his erroneous statutory citation. I acknowledge that, with respect to challenges to sufficiency, we have found waiver even where, as here, the Commonwealth failed to object and the trial court addressed the claim. "The fact that the Commonwealth did not object to the defect and the trial court addressed the sufficiency of the evidence issue in the alternative is of no moment." *Commonwealth v. Roche*, --- A.3d ---, 2017 WL 34931 (Pa.Super. 2017) (published opinion) (citing cases).

However, our Supreme Court has also observed that a less strict approach may be justified in some cases. In *Commonwealth v. Laboy*, 936 A.2d 1058 (Pa. 2007), the Court stated:

> It may be possible in more complex criminal matters that the common pleas court may require a more detailed statement to address the basis for a sufficiency challenge. Here, however, the common pleas court readily apprehended Appellant's claim and addressed it in substantial detail.

*Id*. at 1060. Herein, the facts of this case are straightforward and Appellant was convicted of only one crime; therefore, there was no possible confusion as to which crime Appellant was appealing. Additionally, the trial court readily apprehended Appellant's claim and addressed it despite these deficiencies. Thus, I agree with Judge Fitzgerald that waiver is not warranted on the facts herein.

However, I would hold that Appellant failed to preserve the argument advanced on appeal, that his conviction cannot be sustained because his mere presence in the parking lot satisfied a defense to this charge. To sustain a conviction for defiant trespass, the Commonwealth must establish that Appellant

> 1) entered or remained upon property without a right to do so; 2) while **knowing** that he had no license or privilege to be on the property; and 3) after receiving direct or indirect notice against trespass.

***Commonwealth v. Namack***, 663 A.2d 191, 194 (Pa.Super. 1995) (emphasis in original). Appellant claims that the conviction cannot stand because he satisfied the statutory affirmative defense codified at § 3503(c)(2), applicable where "the premises were at the time open to members of the public and the actor complied with all lawful conditions imposed on access to or remaining in the premises." Appellant maintains that his presence in a vehicle, which was parked in a lot that is open to the public on the business's property, meets this defense, as the parking lot was

open to the public and he was barred only from entering the business offices.

> [Appellant]'s mere presence in the parking lot satisfied all the "lawful conditions" allowing him to remain therein, satisfying the affirmative defense to Defiant Trespass defined at 18 Pa.C.S. § 3503(c)(2). The parking lot was open to the public, without any signage indicated that entrance was prohibited. [Appellant]'s passive presence in a car was not belligerent in anyway nor was it unusual. At no time did he threaten, attack or provoke any employee or tenant of the apartment complex.
>
> . . . **Although the record indicates that he was specifically told to leave the office and not return, this statement totally omits any mention of the parking lot and is specific to the office.**

Appellant's brief at 8 (emphasis added).

Appellant did not present this affirmative defense to the fact-finder. "The statutory defense in section 3503(c)(2) provides a defendant with an affirmative defense. An affirmative defense is defined as one where the defendant admits his commission of the act charged, but seeks to justify or excuse it." ***Commonwealth v. White***, 492 A.2d 32, 35-36 (Pa.Super. 1985). Appellant did not admit the commission of the act charged at trial. He testified in his defense and denied that he was informed he was barred from the premises.

> Q. Okay. And did people – did anybody from Tall Tree Villages ever tell you [that] you could not return there?
>
> A. No.
>
> Q. Did the people ever tell you [that] you could not return there?

- 4 -

A.  We talked to the police –

Q.  Did you – listen to the question.

A.  Yeah.

Q.  Did the police ever tell you [that] you could not return there?

A.  Here's what the police told us.

Q.  Did the police ever tell you not –-

A.  No.  No.

N.T., 10/29/15, at 35.

On appeal, Appellant now pivots and concedes that his privilege to enter the premises was revoked, but claims that the revocation was strictly limited to the business offices.  "Although the record indicates that he was specifically told to leave the office and not return, this statement totally omits any mention of the parking lot and is specific to the office." Appellant's brief at 10.  Therefore, Appellant agrees that he was barred from some portion of the property, but claims that the parking lot was "open to members of the public" and that his revocation was limited to the business offices, meaning that he "complied with all lawful conditions imposed on access to or remaining in the premises."  18 Pa.C.S. § 3503(c)(2).  In other words, he challenges the scope of the revocation, not that a revocation occurred.

The Commonwealth is required to prove beyond a reasonable doubt that this defense does not apply, as invoking this defense admits that the

crime has been committed. **White**, **supra**. Since Appellant did not raise this defense at trial, the Commonwealth could not be expected to meet that burden. Moreover, the fact that Appellant was on the parking lot would not necessarily establish the defense even if properly invoked. The record does not establish the extent to which the parking lot remained open to all members of the public, as opposed to residents, their guests, and potential residents. The record's silence on these matters is unsurprising given Appellant's failure to invoke the defense.

Therefore, I do not agree with the dissent, which faults the Commonwealth for failing to prove the crime beyond a reasonable doubt. For the foregoing reasons, I concur in the disposition affirming judgment of sentence.